IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SANTINO C. WALKER,

    Petitioner,

v.

MATTHEW MARSKE,

    Respondent.

OPINION AND ORDER

Case No. 19-cv-886-wmc

    Petitioner Santino C. Walker is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court for preliminary review is Walker's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Walker was originally charged in the District of Minnesota on one charge of knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g), 924(a)(2); and one count of knowingly and intentionally possessing with intent to distribute a mixture and substance containing cocaine, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(C). *United States v. Walker*, No. 16-cr-266-MJD-FLN, dkt. #1 (D. Minn. 10/14/2016). Walker pleaded guilty to both charges, and on May 17, 2017, the district court sentenced him to 87 months' imprisonment on each count, to be served concurrently, to be followed by three years of supervised release. *Id.*, dkt. #33.

    In his petition before this court, Walker seeks relief under *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), in which the Supreme Court held that the government must prove that the defendant knows he belongs to a group covered under the statute

1

barring possessions of firearms to sustain a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This case is now before the court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions brought under § 2241. Rule 4 requires the dismissal of a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons that follow briefly, the court will deny Walker's petition since it is plain that he is not entitled to relief under *Rehaif*.

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district where he was convicted. *Unthank v. Jett*, 549 F.3d 534, 534-35 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner in petitioner's situation who has already filed a § 2255 motion also faces a second hurdle, allowing pursuit of relief under § 2241 only if he can satisfy the mandates of § 2255's so-called "savings clause" under 28 U.S.C. § 2255(e). To invoke the savings clause, a prisoner must show three things: (1) he is relying on a new statutory-interpretation case, rather than a constitutional case; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted); *see also Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014); *Hill v. Werlinger*,

2

695 F.3d 644, 648 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 799-800 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998).

Walker's petition satisfies the first element, since *Rehaif* involved a statutory interpretation. There is also a legitimate question as to whether *Rehaif* is retroactive. On the one hand, the Court of Appeals for the Eleventh Circuit concluded that *Rehaif* is not retroactive, and post-conviction relief under 28 U.S.C. § 2255 is not available. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements of 18 U.S.C. §§ 922(g), 924(a)(2)). On the other hand, the Seventh Circuit has not reached a conclusion on this specific question, and respondent has suggested in another case in this district court that claims under *Rehaif should* be brought under § 2241. *See Boose v. Marske*, No. 17-cv-303-jdp, 2019 WL 4393077, at *2 (W.D. Wis. Sept. 13, 2019).

However, the court need not resolve the question of retroactivity; it is apparent that Walker cannot show he suffered a miscarriage of justice, since no reasonable jury could have concluded that the government failed to meet its burden of proving a violation of § 922(g)(1), even after *Rehaif*. In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

139 S. Ct. at 2200. Applying that statutory interpretation to Walker's case, the government's burden includes proving beyond a reasonable doubt that Walker knew, at

the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." § 922(g)(1).

Walker does not contend that, as of September 13, 2016, the date of the offense, he was unaware of his felony status as defined by § 922(g)(1); instead, he simply states that his § 922(g) conviction violates the due process clause "and his right to have a jury determine beyond a reasonable doubt that he was convicted of every element." (Dkt. #1 at 6.)  He further characterizes his stipulation as "forced," (*see* dkt. #2, at 4), without any elaboration as to his lack of *actual* knowledge of his felon status in 2016.  Nor could he in good faith allege that he lacked such knowledge.  For one, the plea agreement listed Walker's five prior felony convictions, two of which were federal convictions for violating § 922(g).  *Walker*, No. 16-cr-266, dkt. #22, at 2.  Moreover, and removing all doubt as to Walker's knowledge of his status in 2016, Walker received an 18-month term of imprisonment in 2006, for his first conviction under § 922(g).  *See United States v. Walker*, No. 06-119, dkt. #22 (D. Minn. Sept. 25, 2006).  Accordingly, the court sees *no* plausible basis for the court to conclude a miscarriage of justice occurred.  *E.g., United States v. Maez*, 960 F.3d 949, 968 (7th Cir. 2020) (PSR, which showed multiple prior felony convictions and that defendant served more than one year in prison, underscored defendant's knowledge of his felon status when he possessed the firearm, which was sufficient for the government to meet its burden); *see also United States v. Hammond*, 996 F.3d 374, 395-96 (7th Cir. 2021) (no miscarriage of justice occurred despite the lack of an instruction related to defendant's knowledge, given defendant's several prior felonies, for which he received

4

decades-long sentence). Accordingly, *Rehaif* provides Walker no basis for relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Since Walker has failed to make a plausible argument that he was unaware that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED THAT:

1. Petitioner Santino C. Walker's petition under 28 U.S.C. § 2241 is DENIED.
2. No certificate of appealability will issue.

   Entered this 9th day of February, 2022.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge